NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3048

MARION FLEMING,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  April 11, 2006

_____

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Marion Fleming seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision of the United States Postal Service ("agency") to remove Mr. Fleming from his job as a part-time flexible letter carrier.  Fleming v. U.S. Postal Serv., No. DC0752050026-I-1 (Sept. 14, 2005).  We affirm.

I

The agency removed Mr. Fleming from his job for alleged improper conduct, consisting of refusal to follow a supervisor's order and physically attacking the supervisor.  Mr. Fleming appealed his removal to the Board.  His case was heard by an

Administrative Judge ("AJ"). At the hearing, the agency called Mr. Fleming's supervisor and another agency witness. Mr. Fleming testified, but called no witness to support his case.

Mr. Fleming admitted that he had refused to comply with the order of his supervisor, but defended his refusal on the ground that the extra half-hour he was ordered to work exceeded his eight-hour work day requirement. This defense was rejected by the AJ because the record showed that Mr. Fleming had not completed his required work day when asked to perform an additional half-hour, and that the extra half-hour would not have exceeded the eight-hour limit.

As for the charge of physical abuse of the supervisor, the testimony was in conflict. The supervisor testified that Mr. Fleming thrust himself against the supervisor, and that testimony was corroborated by the other agency witness. Mr. Fleming testified that the supervisor, not he, initiated the contact. The AJ found that the preponderance of the evidence showed that Mr. Fleming pushed into the supervisor, and on that finding of fact the AJ concluded that the second aspect of the improper conduct charge had been proved.

With respect to the penalty of removal, the agency's deciding official considered the physical contact issue significant as Mr. Fleming is a much larger person than the supervisor, such that there was an element of intimidation. The deciding official also considered the refusal to follow an order a serious matter. The deciding official also noted previous counsel and discipline given to Mr. Fleming for past aggressive behavior, including intimidation of customers on his route. Further, Mr. Fleming had been disciplined previously for being rude and insubordinate to his supervisor. Based

on the deciding official's explanation for the penalty imposed, the AJ concluded that the penalty of removal was justified. The AJ thus affirmed the agency's decision to remove Mr. Fleming.

Mr. Fleming's appeal to the full Board was rejected, thus converting the initial decision of the AJ into the final decision of the Board. Mr. Fleming timely sought review in this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

II

We must affirm a final decision of the Board unless we determine that the decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Any finding of fact underlying the final decision of the Board must be supported by substantial evidence. Id.

Mr. Fleming concedes that he did not follow the order to perform another half-hour of work. His defense, that he had already worked his full day, was rejected by the Board, and substantial evidence supports the Board's finding that the additional half-hour of work was within his allotted work-day time.

Mr. Fleming reargues the facts as to whether he, or the supervisor, pushed first in the undisputed pushing match. But again, substantial evidence supports the fact-finding that Mr. Fleming struck first in the pushing match.

In his briefs to this court, Mr. Fleming argues that he was refused access to the workplace after the pushing incident, and that he was thus prevented from getting witnesses and documents that would have supported his version of the episode. There is no indication that this argument was raised before the Board, and as such the argument would be to no avail in this court. But even assuming the argument had been

preserved, Mr. Fleming offers no specifics to support the general proposition that his lack of access to the workplace hindered his defense. He points to no person, and no documents, that he would have been able to access were he present, that were otherwise inaccessible to him. We thus reject this argument.

In addition, Mr. Fleming's briefs complain that the Board did not give proper account for his past performance or let him defend his past performance. This argument fails, because Mr. Fleming indeed was afforded the opportunity to present his case in full. He was afforded a hearing, but he chose to call no witnesses other than himself. He presented no grounds upon which the Board, or we, could conclude that his defense was impaired by action of the agency or the Board.

We have considered the other arguments Mr. Fleming presents, and we find them unpersuasive.

Since substantial evidence supports the final decision of the Board sustaining the penalty of removal, we affirm.